UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK J. BOOTH,

          Plaintiff,

   v.

L. GARNICA, *et al.*,

          Defendants.

Case No.  2:25-cv-3039-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis* ("IFP"), ECF No. 8.  However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g). *See Booth v. Pouge*, Case No. 1:24-cv-0486-JLT-EPG (E.D. Cal. June 17, 2024) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

As identified in *Booth v. Pouge*, the following cases constitute some of plaintiff's strikes:

      1. *Booth v. Frazier*, No. 1:18-cv-0070-LJO-BAM (E.D. Cal.) (dismissed for failure to state a claim by order filed on February 8, 2019, ECF No. 16);

      2. *Booth v. Campbell*, No. 1:21-cv-0123-JLT-BAM (E.D. Cal.) (dismissed for failure to state a claim by order filed on July 12, 2022, ECF No. 19); and

      3. *Booth v. Williams College*, No. 2:20-cv-0265-JAM-CKD (E.D. Cal.) (dismissed for failure to state a claim by order filed on March 22, 2021, ECF No. 13).

1

A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent."  *Cervantes*, 493 F.3d at 1055-56.  A prisoner fails to meet the exception where claims of imminent danger are conclusory.  *Id.* at 1057 n.11.  Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm.  *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Plaintiff brings claims primarily related to his state court restitution balance.  ECF No. 1.  Specifically, he alleges that on March 17, 2025, he received a court order reducing the restitution he owes to $10,000.  *Id.* at 5.  Plaintiff alleges that he paid his restitution in full on June 21, 2019, but that defendant warden Garnica denied his request for a hearing on why the prison was still withdrawing restitution payments from his account.  *Id.*  Separately, he alleges that defendant officers Baker and Santos conspired to not send in a filing fee for a District Court case, where he alleged claims about his restitution concerns.[1]  *Id.* at 6.

Plaintiff's allegations are insufficient to show that he faced imminent danger of physical injury at the time he filed the complaint.  To receive the benefit of the imminent danger exception, a prisoner must allege a danger that is "ready to take place" or "hanging threateningly over one's head."  *Cervantes*, 493 F.3d at 1056 (internal citations omitted).  Plaintiff has not made the required showing here.  Although I do not question the sincerity of plaintiff's concerns, they are insufficient to demonstrate that he was under imminent danger of serious physical injury at the time of filing.  Therefore, plaintiff's application for leave to proceed *in forma pauperis*

---

[1] In connection with his claim that Baker and Santos did not mail his filing fee, plaintiff states that he mailed the court a check for $400, however, the court would have likely mailed that check back to plaintiff because the court only accepts checks for the exact amount of the filing fee, which is $405.  *See* ECF No. 1 at 11 & 21; https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/.

should be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in to proceed with this action.

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is hereby RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 8, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 30, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3